UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES OF THE
AUTOMOTIVE INDUSTRIES WELFARE
FUND; AUTOMOTIVE INDUSTRIES
PENSION FUND; JIM BENO, TRUSTEE,

    Plaintiffs,

    v.

GROTH OLDSMOBILE / CHEVROLET,
INCORPORATED,

    Defendant.
_____

GROTH OLDSMOBILE / CHEVROLET,
INCORPORATED,

    Third-Party Plaintiff,

    v.

EASTBAY AUTOMOTIVE COUNCIL;
MACHINISTS AUTOMOTIVE TRADES
DISTRICT LODGE NO. 190 OF
NORTHERN CALIFORNIA; EAST BAY
AUTOMOTIVE MACHINISTS LODGE
1546,

    Third-Party Defendants.
_____/

No. C 09-0465 PJH

**ORDER GRANTING MOTION TO
AMEND ANSWER TO ASSERT
COUNTERCLAIMS**

The motion of defendant Groth Oldsmobile / Chevrolet, Inc. ("Groth") for leave to file an amended answer and counterclaims came on for hearing on February 24, 2010. Groth appeared by its counsel Joshua Cliffe; plaintiffs Board of Trustees of the Automotive Industries Welfare Fund and the Automotive Industries Pension Fund and Jim Beno (collectively "plaintiffs") appeared by their counsel Michelle Sicula, Kimberly Hancock, and

Michael Carroll; and third-party defendants East Bay Automotive Council, Machinists Automotive Trades District Lodge No. 190 of Northern California, and East Bay Automotive Machinists Lodge 1546 ("Union") appeared by their counsel Caren Sencer.  Having carefully reviewed the parties' papers and considered the arguments of counsel and the relevant legal authority, and good cause appearing, the court hereby rules as follows for the reasons stated at the hearing.

**BACKGROUND**

This is a case brought under § 502 of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, seeking recovery of unpaid contributions owed to union trust funds by Groth, an automobile dealership.

Plaintiffs filed the complaint on February 2, 2009, and Groth filed an answer on April 20, 2009.  Ten days later, on April 30, 2009, Groth filed a third-party complaint against the Union, alleging claims of breach of contract, fraud, negligent misrepresentation, and indemnity.

The court held an initial case management conference ("CMC") on June 18, 2009 and a further CMC on August 14, 2009.  At the second CMC, the court did not set a trial date but did set deadlines for discovery cut-off on December 11, 2009, filing of cross-motions for summary judgment on January 6, 2010, and hearing on February 24, 2010.

On January 6, 2010, the third-party defendants and the plaintiffs filed motions for summary judgment.  However, on January 14, 2010, Groth filed a motion for leave to amend its answer to assert counterclaims for fraud, negligent misrepresentation, and conflict of interest.  The court continued the hearing date for the motions for summary judgment to March 24, 2010.

In its motion for leave to amend, Groth contends that on numerous occasions during the negotiations for the 2006-2008 collective bargaining agreement, Groth proposed to reduce its pension contributions.  Groth also alleges that Craig Andrews ("Andrews"), who Groth claims was both a representative of the Union and a Trustee of the Pension Trust Fund, represented to Groth that reductions in Groth's contributions were prohibited by the

1  Trust Fund. Groth asserts that based on this representation, it agreed to continue to pay
2  the contributions at the unreduced rate.
3  　　　　Groth claims that in 2008, it learned that Andrews had misrepresented the Trust
4  Fund's rules regarding contributions. Groth filed a formal appeal with the Trust Fund and
5  then reduced its rate of contribution to $50 per month. In response to that action by Groth,
6  the plaintiffs filed the present action seeking recovery of the unpaid pension contributions.
7  Groth's third-party complaint against the Union is premised on the alleged
8  misrepresentations by Andrews.
9  　　　　Now, Groth claims that during discovery in this case it obtained substantial evidence
10  that the Trust Fund engaged in fraud through its Trustees. Thus, Groth seeks to amend its
11  answer to assert counterclaims of fraud, negligent misrepresentation, and breach of
12  conflict.

### DISCUSSION

A.    Legal Standard

　　　　A district court has "broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (internal citations and quotations omitted). Generally, under Federal Rule of Civil Procedure 16(b), the pretrial scheduling order can be modified only "upon a showing of good cause." Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (internal citations and quotations omitted). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (citing Johnson, 975 F.2d at 609). If the party seeking the modification was not diligent, the motion to amend should not be granted. Id.

　　　　Under Federal Rule of Civil Procedure 15(a), leave to amend is ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive. Foman v. Davis, 371 U.S. 178 (1962); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

　　　　Federal Rule of Civil Procedure 13 allows a late counterclaim when "justice so

1  requires." Fed. R. Civ. P. 13(f). "When a pleader fails to set up a counterclaim through
2  oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by
3  leave of court set up the counterclaim by amendment." Id. In assessing what constitutes
4  "excusable neglect," courts consider various factors, including the good faith of the
5  claimant, the extent of the delay, and any danger of prejudice to the opposing party. See
6  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 n. 10 (1993).

7  B.     Motion to Amend Answer

8         Groth argues that Rule 15 requires that leave to amend be freely granted. Plaintiffs
9  do not contest the applicability of Rule 15 but instead argue that the Foman factors counsel
10 against amending the answer in this case. See Foman, 371 U.S. at 182. Plaintiffs argue
11 that the proposed amendment is futile, that Groth unduly delayed in bringing this motion,
12 and that plaintiffs will be prejudiced if the court grants Groth's motion to amend.

13        In addition, however, since discovery had already closed when Groth filed its motion,
14 the court must also consider the requirement in Rule 16 – that the party seeking the
15 modification was diligent and can show good cause. See Zivkovic, 302 F.3d at 1087; Fed.
16 R. Civ. P. 16(b).

17        First, plaintiffs assert that Groth's proposed counterclaims are futile. Courts
18 generally grant leave to amend liberally, but the court may deny a request to amend if the
19 proposed amendment is futile or would be subject to dismissal. Saul v. United States, 928
20 F.2d 829, 843 (9th Cir. 1991); see also Foman, 371 U.S. at 182.

21        Here, the plaintiffs have not established that Groth's proposed counterclaims are
22 clearly futile. This court normally will not rule on the futility of an amendment at the motion
23 to amend stage of the litigation unless the proposed amendment is clearly and
24 unambiguously futile. In general, the futility of an amendment is better tested in a motion to
25 dismiss for failure to state a claim or a summary judgment motion.

26        Second, plaintiffs contend that Groth unduly delayed in bringing this motion to
27 amend because it knew of all of the operative facts at the time of the original answer. In
28 general, delay alone is not enough to support denial of a motion for leave to amend. See

Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2009) § 8:1501. Rather, the opposing party must also show prejudice to the opposing party, bad faith by the moving party, or futility of the amendment. Id.; Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

In this case, the court finds that Groth did not unduly delay in bringing this motion to amend. Pursuant to the pretrial scheduling order, the discovery period in this case was shorter than normal and permitted an abbreviated amount of time for discovery for both parties. This abbreviated discovery schedule may have contributed to Andrews' late deposition. Additionally, because no trial date has been set, there is more flexibility than there normally would be if the parties were facing an impending trial. For the foregoing reasons, the court finds that Groth did not unduly delay in bringing this motion to amend.

Third, plaintiffs argue that granting Groth's motion to amend the answer would be prejudicial. Prejudice to the opposing party is the most important and most common reason for denying leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice must be substantial before it justifies denial of leave to amend. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Prejudice to the opposing party if the court grants leave to amend must be balanced against prejudice to the moving party if the court denies leave to amend. Schwarzer et al., Federal Civil Procedure Before Trial § 8:1518.

The court finds that, due to the pending summary judgment motions, the plaintiffs may be prejudiced if the court grants Groth's motion to amend, as they have invested time and money into preparing and filing the summary judgment motions. However, the court does not think that the plaintiffs will be substantially prejudiced if the motion is granted.

Finally, the court finds that Groth was relatively diligent and has shown good cause to modify the pretrial scheduling order.

## CONCLUSION

The court finds that, on balance, the three Foman factors – futility, undue delay, and prejudice – do not counsel against granting leave to amend, and that Groth has established

5

good cause for the amendment. Therefore, the court GRANTS Groth's motion to amend the answer. The amended answer shall be filed within 30 days. Additionally, the court orders the plaintiffs and third-party defendants to withdraw the pending summary judgment motions.

Within ten days following the filing of the amended answer, the parties shall meet and confer, and decide whether the plaintiffs will file a motion to dismiss the counterclaims. If plaintiffs elect to answer the counterclaims in lieu of filing a motion to dismiss, and the parties wish to file early summary judgment motions, they shall so advise the court.

If plaintiffs do file a motion to dismiss, the court will require the parties to participate in a settlement conference with a Magistrate Judge before refiling or renoticing any motions for summary judgment.

The parties shall submit a joint statement or stipulation following the meet-and-confer.

**IT IS SO ORDERED.**

Dated: March 4, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge